UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 03-10011 CR-KING

18 U.S.C. § 371
8 U.S.C. § 1324(a)(2)(B)(ii)
8 U.S.C. § 1324(a)(2)(B)(iii)
8 U.S.C. § 1324(b)
18 U.S.C. § 982(a)(6)(A)

MAGISTRATE JUDGE
O'SULLIVAN



FILED by _____ D.C.
MAR 5 2003
CLARENCE MADDOX
CLERK U.S....

UNITED STATES OF AMERICA

vs.

**LIVAN ALFONSO RAAD,**

      **Defendant.**
_____/

### INDICTMENT

The Grand Jury charges that:

**COUNT 1**
**(Conspiracy)**

Beginning as early as April 2002, the exact date being unknown to the Grand Jury, and continuing through on or about July 30, 2002, in Monroe County, in the Southern District of Florida, and elsewhere, the defendant,

**LIVAN ALFONSO RAAD,**

knowingly and willfully combined, conspired, confederated, and agreed with Jose Oscar Torres-Cruz, Alexis Ulloa-Martinez, and with others known and unknown to the Grand Jury, to commit offenses against the United States, that is:

(a) to bring aliens to the United States, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any future official action which may be taken with respect to such aliens, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii); and

(b) to bring aliens to the United States, and not upon arrival immediately bring and present such aliens to an appropriate immigration officer at a designated port of entry, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any future official action which may be taken with respect to such aliens, in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii).

## Overt Acts

In furtherance of the conspiracy described herein, at least one or more of the conspirators committed, in the Southern District of Florida, and elsewhere, one of more of the following overt acts:

1.  In or about April of 2002, the exact date being unknown to the Grand Jury, LIVAN ALFONSO RAAD spoke with Jose Oscar Torres-Cruz and Alexis Ulloa-Martinez about smuggling Cuban nationals into the United States.

2.  In or about June of 2002, the exact date being unknown to the Grand Jury, LIVAN ALFONSO RAAD spoke with Jose Oscar Torres-Cruz and Alexis Ulloa-Martinez at the La Palomilla Mar Café about smuggling Cuban nationals into the United States.

3.  On or about June 27, 2002, LIVAN ALFONSO RAAD met with Jose Oscar Torres-Cruz and Alexis Ulloa-Martinez at a condominium, located at 6345 Collins Avenue, TH-3, Miami Beach, Florida.

4.  On or about June 30, 2002, LIVAN ALFONSO RAAD gave the keys of a 2002 32' Carrera go-fast vessel, FL 7614 LW, registered in the name of "Livan Alfonso" to Jose Torres-Cruz.

5.  On or about July 1, 2002, Jose Oscar Torres-Cruz and Alexis Ulloa-Martinez used a 32' Carrera go-fast vessel, FL 7614 LW, to transport approximately thirty-three Cuban nationals from Cuba to Bahia Honda State Park, in Monroe County, Florida.

6.  On or about July 1, 2002, Jose Oscar Torres-Cruz and Alexis Ulloa-Martinez off-loaded approximately thirty-three Cuban nationals at Bahia Honda State Park, in Monroe County, Florida.

All in violation of Title 18, United States Code, Section 371.

## COUNTS 2-34
### (Bringing in Aliens for Private Financial Gain)

On or about July 1, 2002, in Monroe County, in the Southern District of Florida, and elsewhere, the defendant,

**LIVAN ALFONSO RAAD,**

knowingly aided and abetted the bringing of aliens to the United States, as set forth in Counts 2 through 34 below, for the purpose of commercial advantage and private financial gain, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come

to, enter, and reside in the United States, regardless of any future official action which may be taken with respect to such aliens:

| Count | Alien Name |
|---|---|
| 2 | Juvenile Female #1 (K.S-V) |
| 3 | Lidise G. Valdez-Martinez |
| 4 | Lazaro Alonzo-Cruz |
| 5 | Juvenile Male #1 (L.A-G) |
| 6 | Faustino Fleita-Hernandez |
| 7 | Luis Gomez-Brito |
| 8 | Jorge L. Gonzalez-Almeida |
| 9 | Mavis Gonzalez-Piedra |
| 10 | Dania Hernandez-Pineda |
| 11 | Regino Hernandez-Vera |
| 12 | Felipe Ledesma-Rodriguez |
| 13 | Elizeo Martinez-Vichot |
| 14 | Regla Del Carmen Sanchez Alpizar |
| 15 | Calixto J. Romero-Del Valle |
| 16 | Juvenile Female #2 (Y.R-O) |
| 17 | Robert Hernandez-Diaz |
| 18 | Neida Mendoza-Aponte |
| 19 | Vilma Piedra-Veliz |
| 20 | Domingo Y. Mena-Cabrera |
| 21 | Adrian Alonso-Guerra |
| 22 | Sonia B. Martinez-Gonzalez |
| 23 | Eduardo Vazquez-Parada |
| 24 | Alexis Villera-Cardenzel |
| 25 | Juan C. Aimera-Romero |
| 26 | Juan F. Carrasco-Beltran |
| 27 | Juvenile Female #3 (J.D-F) |
| 28 | Eugelia A. Fals-Montero |
| 29 | Lidia E. Fals-Montero |
| 30 | Juvenile Male #2 (B.F-R) |
| 31 | Juvenile Male #3 (L.G-H) |
| 32 | Matilde G. Gonzalez-Garces |
| 33 | Yanelis Juvier-Ortiz |
| 34 | Jorge L. Lee-Hernandez |

All in violation of Title 8, United States Code, Section 1324(a)(2)(B)(ii), and Title 18, United States Code, Section 2.

4

## COUNTS 35-67
### (Bringing in Aliens at a Place Other Than Designated Port of Entry)

On or about July 1, 2002, in Monroe County, in the Southern District of Florida, and elsewhere, the defendant,

### LIVAN ALFONSO RAAD,

knowingly aided and abetted the bringing of aliens to the United States, as set forth in Counts 35 through 67 below, and did not upon arrival immediately bring and present such aliens to an appropriate immigration officer at a designated port of entry, knowing and in reckless disregard of the fact that such aliens had not received prior official authorization to come to, enter, and reside in the United States, regardless of any future official action which may be taken with respect to such aliens:

| Count | Alien Name |
|---|---|
| 35 | Juvenile Female #1 (K.S-V) |
| 36 | Lidise G. Valdez-Martinez |
| 37 | Lazaro Alonzo-Cruz |
| 38 | Juvenile Male #1 (L.A-G) |
| 39 | Faustino Fleita-Hernandez |
| 40 | Luis Gomez-Brito |
| 41 | Jorge L. Gonzalez-Almeida |
| 42 | Mavis Gonzalez-Piedra |
| 43 | Dania Hernandez-Pineda |
| 44 | Regino Hernandez-Vera |
| 45 | Felipe Ledesma-Rodriguez |
| 46 | Elizeo Martinez-Vichot |
| 47 | Regla Del Carmen Sanchez Alpizar |
| 48 | Calixto J. Romero-Del Valle |
| 49 | Juvenile Female #2 (Y.R-O) |
| 50 | Robert Hernandez-Diaz |
| 51 | Neida Mendoza-Aponte |
| 52 | Vilma Piedra-Veliz |

| | |
|---|---|
| 53 | Domingo Y. Mena-Cabrera |
| 54 | Adrian Alonso-Guerra |
| 55 | Sonia B. Martinez-Gonzalez |
| 56 | Eduardo Vazquez-Parada |
| 57 | Alexis Villera-Cardenzel |
| 58 | Juan C. Aimera-Romero |
| 59 | Juan F. Carrasco-Beltran |
| 60 | Juvenile Female #3 (J.D-F) |
| 61 | Eugelia A. Fals-Montero |
| 62 | Lidia E. Fals-Montero |
| 63 | Juvenile Male #2 (B.F-R) |
| 64 | Juvenile Male #3 (L.G-H) |
| 65 | Matilde G. Gonzalez-Garces |
| 66 | Yanelis Juvier-Ortiz |
| 67 | Jorge L. Lee-Hernandez |

All in violation of Title 8, United States Code, Section 1324(a)(2)(B)(iii), and Title 18, United States Code, Section 2.

## FORFEITURE

1. The allegations of Counts 1 through 67 of this Indictment are re-alleged, and by this reference fully incorporated herein, for the purpose of alleging forfeitures to the United States of America of property in which the defendant has an interest pursuant to the provisions of Title 8, United States Code, Section 1324(b) and Title 18, United States Code, Section 982(a)(6)(A).

2. Upon the conviction of any violation of Title 8, United States Code, Section 1324(a), the defendant, LIVAN ALFONSO RAAD shall forfeit to the United States any conveyance, including any vessel, vehicle, or aircraft, that has been or is being used in the commission of a violation of subsection (a) of Title 8, United Stated Code, Section 1324, the gross proceeds of such violation, and any property traceable to such conveyance or proceeds pursuant to the provisions of Title 28, United

States Code, Section 2461, Title 8, United States Code, Section 1324(b), and the procedures outlined in Title 21, United States Code, Section 853.

3. Upon the conviction of any of the offenses alleged in Counts 1 through 67, the defendant LIVAN ALFONSO RAAD shall, pursuant to Title 18, United States Code, Section 982(a)(6)(A), forfeit to the United States:

(A) any conveyance, including any vessel, vehicle, or aircraft used in the commission of the offense of which the defendant is convicted; and

(B) any property, real or personal -

(i) that constitutes, or is derived from or is traceable to the proceeds obtained from the commission of the offense of which the defendant is convicted; or

(ii) that is used to facilitate, or is intended to be used to facilitate, the commission of the offense of which the defendant is convicted.

4. The property subject to forfeiture includes, but is not limited to:

(A)   the sum of $20,000.00

(B)   Real property as follows:

   1.   a condominium located at 6345 Collins Avenue, TH-3, Miami Beach, Florida 33141-4665, more specifically described as The Casablanca Condo Unit TH-3 Undiv 0.003507% INT In Common Elements Off Rec 16540-71 OR 29979-4002 1001 1

   2.   La Palomilla Mar Café, Inc. located at 6345 Collins Avenue, Miami Beach, Florida 33141

   (C)  2002 32' Carrera Sport Fishing Boat, FL 7614 LW, together with its engines, gear and tackle.

5. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by reference by Title 18, United States Code, Section 982(b), if the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

   (A)  cannot be located upon due diligence;

   (B)  has been transferred, or sold to, or deposited with a third party;

   (C)  has been placed beyond the jurisdiction of the Court;

   (D)  has been substantially diminished in value; or

   (E)  has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek the forfeiture of other property of the defendant up to the value of the above-described forfeitable property.

All pursuant to Title 8, United States Code, Section 1324(b), Title 18, United States Code, Section 982(a)(6)(A), and Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461.

A TRUE BILL

_____
FOREPERSON

_____
MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

_____
YVONNE RODRIGUEZ-SCHACK
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 03-10011CR-KING

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA

vs.

LIVAN ALFONSO RAAD,
            Defendant.

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information**

| | |
|---|---|
| New Defendant(s) | Yes No |
| Number of New Defendants | |
| Total number of counts | |

FILED by ___ D.C.
MAR 5 2003
CLARENCE MADDOX
CLERK U.S. DCT.

**Court Division:** (Select One)

___ Miami    _X_ Key West
___ FTL      ___ WPB    ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:          (Yes or No) _Yes_
   List language and/or dialect   _Spanish_

4. This case will take _4_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                        (Check only one)

   I    0 to 5 days      _X_        Petty        ___
   II   6 to 10 days     ___        Minor        ___
   III  11 to 20 days    ___        Misdem.      ___
   IV   21 to 60 days    ___        Felony       _X_
   V    61 days and over ___

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)

   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____   District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No    If yes, was it pending in the Central Region?___ Yes ___ No

8. Did this case originate in the Narcotics Section, Miami?___ Yes _X_ No

                                        _____
                                        YVONNE RODRIGUEZ-SCHACK
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 0794686

*Penalty Sheet(s) attached                                    REV.6/27/00

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

*PENALTY SHEET*

Defendant's Name: LIVAN ALFONSO RAAD

Case No: 03-10011 CR-KING
MAGISTRATE JUDGE O'SULLIVAN

| | |
|---|---|
| Count #: 1: | CONSPIRACY |
| | Title 18, United States Code, Section 371 |
| *Max Penalty: | Five (5) Years' Imprisonment |
| | |
| Counts #: 2-34: | ALIEN SMUGGLING FOR PROFIT |
| | Title 8, United States Code, Section 1324(a)(2)(B)(ii) |
| *Max Penalty: | Fifteen (15) Years' Imprisonment |
| | |
| Counts #: 35-67: | ALIEN SMUGGLING |
| | Title 8, United States Code, Section 1324(a)(2)(B)(iii) |
| *Max Penalty: | Fifteen (15) Years' Imprisonment |

FILED by D.C.
MAR 5 2003
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

*Refers only to possible terms of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.