CIV - KING                     MAGISTRATE JUDGE
                                     WHITE
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

LIVAN ALFONSO RAAD  05-10120
Petitioner

v.

UNITED STATES OF AMERICA,
Respondent

MEMORANDUM IN SUPPORT OF
MOTION TO SET ASIDE, OR CORRECT
FEDERAL SENTENCE
UNDER 28 U.S.C. §2255

| | | |
|---|---|---|
| LIVAN ALFONSO RAAD, Petitioner | § § | Civil No. _____<br>To Be Supplied by Court |
| v. | § | Crim. No. 03-CR-10011-ALL ✓ |
| UNITED STATES OF AMERICA, Respondent | § | |

Livan Alfonso Raad
Attorney-Pro-Se
3150 Horton Road
Ft.Worth, Tx. 76119

Federal Medical Center
Livan Alfonso Raad
Reg.No.63162-004
P.O.Box 15330
Ft.Worth, Tx. 76119



## TABLE OF CONTENTS

STATUTES AND RULES..................................................i

TABLE OF CONTENTS...................................................i

TABLE OF CITATIONS.................................................ii

CERTIFICATE OF INTERESTED PERSONS.................................iii

STATEMENT OF JURISDICTION..........................................iv

ISSUES FOR REVIEW..................................................iv

STATEMENT OF THE CASE...............................................v

ARGUMENT ONE.....................................................1-4

PRAYER/CONCLUSION...................................................5

CERTIFICATE OF SERVICE..............................................6

### STATUTES/RULES

18 USC 371     28 USC 2255

28 USC 2461     8 USC 1324

USSG 2L1.1(B)(6)

TABLE OF CITATIONS

HAINES V. KERNER, 404 US (1972).........................................

STRICKLAND V. WASHINGTON, 466 US 668 (1984)............................

RONALD V. ROMPILLA V. JEFFREY A. BEARD-SECRETARY OF DEPT. OF CORRECTIONS, CERT. NO.04-5462, JUNE 20,2005..........................
DAVIS V. U.S., 417 US 333, 346-47, 94 S.CT.2298, 2305, 06, 41 L.ED 2D 109 (1974)..........................................................

UNITED STATES V. KAUFFMAN, 109 F.3D 186 (3RD CIR.1997)..............

HILL V. LOCKHART, 474 US 52, 59, 106 S.CT. 366, 370-71, 88 L.ED 2D 203 (1985)..........................................................

PARRY V. ROSEMEYER, 64 F.3D 110, 118 (3RD CIR.1995).................

CERTIFICATE OF INTERESTED PERSONS

1. LIVAN ALFONSO RAAD-PETITIONER

2. JOYSET ULLOR-MARTINEZ-CO-DEFENDANT

3. TIMOTHY CONE-TRIAL ATTORNEY FOR PETITIONER

4. MARCOS JIMENEZ-U.S. ATTORNEY

I, Livan Alfonso Raad hereby certify to the best of my knowledge that these are the only persons that has an interst in the outocme of this case.

_____
Livan Alfonso Raad

<u>STATEMENT OF JURISDICTION</u>

On Sept.29,2003, this Court sentenced Petitioner to a mandatory 60 months in Federal Prison for violations of Title 8 USC 1324, and Title 18 USC 982(a)(6)(a) and Title 28 USC 2461.

The Petitioner filed a Timely Notice of Appeal Pro-Se. In July 2005, the Petitioner's Appeal was denied by the 11th Circuit Court of Appeals.

The Petitioner then filed a Timely Petition for Writ of Certiorari and in October of 2005, The U.S. Supreme Court denied Certiorari. Now, Jurisdiction is invoked under 28 U.S.C. §2255.

STATEMENT OF ISSUES
FOR REVIEW

1) INEFFECTIVE COUNSEL DURING TRIAL AND APPEAL AS TO THE ATTORNEY'S FAILURE TO INVESTIGATE THE POSSIBILITY THAT PETITIONER WOULD BE ENHANCED UNDER A NO WRITTEN PLEA AGREEMENT.

2) INEFFECTIVE COUNSEL AS TO THE ATTORNEY'S FAILURE TO TELL THE PETITIONER THAT HE MAY BE ENHANCED UNDER U.S.S.G. 2L1.1(b)(6)

## STATEMENT OF THE CASE

On April 9,2003, a Federal Grand Jury in the Southern District of Florida returned a 67 count indictment charging Petitioner, Livan Alfonso Raad and co-defendant Joyset Ulloa-Martinez with conspiracy and substantitive offenses related to smuggling aliens into the U.S. Commercial Advantage, and failing to present the aliens upon arrival to an appropriate Immigration Officer. All in violation of Title 8 USC §1324(a)(2)(ii)(iii) and USC 371.

The indictment also included a Forfeiture Count. Raad pleaded guilty to count (2) two, (3) three, and 4(four) and consented to forfeiture, DE, (50), (51), (61) and (64). The government agreed to dismiss the remaining counts of the indictment.

However, there were no written Plea Agreement. The government claims that the Petitioner agreed there would be no Appeal, in exchange, the government would not seek the Forfeiture of (certain assets).

The District Court could not advise Raad of his Rights to Appeal, or the consequences of waiving his Rights. The District Court imposed a mandatory minimum 60 month sentence on each of the three counts of conviction, as well as three years of Supervised Release, to be served concurrently and a $300 Assessment Fee. The District Court told the Petitioner that if he wishes to Appeal,that he had a Right to do so, and that if he cannot afford a Lawyer, that the Court would appoint him one to file an Appeal. The Petitioner filed a Pro-Se Notice of Appeal from Judgement.

<u>ARGUMENT ONE</u>

FAILURE TO INVESTIGATE THE POSSIBILITY
OF THE GOVERNMENT ENHANCING PETITIONER
WAS INEFFECTIVE ASSISTANCE OF COUNSEL

---

Now Comes Livan A. Raad, appearing through PRo-Se representation and will ask this Honorable Court to Vacate, Set Aside, or Correct his Federal Sentence under 28 USC §2255, because his appointed counsel rendered him ineffective assistance of counsel during Trial, and during Sentencing; a violation of the Petitioner's 6th Amendment Right to effective counsel.

The Petitioner brings this motion under <u>Haines v. Kerner</u>, 404 US (1972) and under <u>Strickland v. Washington</u>, 466 US 668 (1984), as well as under the Supreme Court's Ruling in <u>Ronald Rompilla v. Jeffrey A. Beard, Secretary of Dept. of Corrections</u>, Cert.No.04-5462, June 20,2005.

In that case, the U.S. Supreme Court held that a Lawyer is bound to make reasonable efforts to obtain and review material that counsel knows the prosecution will probably use and rely on as evidence of aggravation at the Sentencing. The Petitioner's counsel failed far below the objective standard of reasonableness and prejudiced the Petitioner as in <u>Strickland v. Washington</u>, and <u>Rompilla</u>.

The Petitioner's counsel allowed Petitioner to plead guilty to a non-written Plea Agreement with aggravating factors under 8 USC 1324, and 18 USC 982(a)(6)(A), as well as Title 28 USC 2461, and 18 USC 371.

1.

The Petitioner would not have pleaded guilty but, instead gone to trial had he known that he would be enhanced under 8 USC §1324, as well as under U.S.S.G. 2L1.1(b)(6). In fact, the Petitioner's Court appointed counsel told the Petitioner that he was only facing two or three years. However, aggravating factors moved the Petitioner to a mandatory 60 months in Federal Prison without the government presenting any evidence on any of the aggravating factors. This prejudiced the Petitioner as in Rompilla v. Beard, and Strickland v. Washington, 466 US 668 (1984).

The Petitioner's attorney failed to investigate pretty obvious signs that the government was going to enhance the Petitioner under at least one of the provisions; Either under 8 USC 1324 or U.S.S.G. 2L1.1(b)(6), (if not both).

Ineffective counsel under Strickland, is deficient performance by counsel resulting in prejudice, 466 U.S. at 687, with the performance being reasonableness, Id. at 668; under prevailing professional norms.

In this case, there were no reason the Petitioner's attorney could not have secured a written Plea Agreement that would have protected the Petitioner's Rights or at least one that would have informed the Petitioner of the possibility of getting enhanced if he pleaded guilty to the offense.

A standard of reasonableness applies as if one stood in counsel's shoes. The Petitioner's counsel knew that it was a possibility that Petitioner would be enhanced but chose not inform the Petitioner until it was too late.

2.

It would be difficult to see how counsel could have failed to realize that 8 USC §1324(a)(2)(B)(ii)(iii) called for a mandatory 60 month sentence, as well as the possibility of the government enhancing the Petitioner under U.S.S.G. 2L1.1(b)(6) because all the Petitioner's attorney had to do was read the Statute in which the Petitioner was indicted under, but instead, the Petitioner's attorney waited until the Petitioner was being sentenced and then tried to object during sentencing of the Enhancement that the Petitioner's attorney knew or should have known that the government was going to use during sentencing.

This prejudiced the Petitioner as in Strickland v. Washington, 466 US 668 (1984), because now the Petitioner is serving a much longer sentence than he bargained for. U.S. v. Kauffman, 109 F.3d 186 (3rd Cir.1997).

The Petitioner's counsel had a duty to make all reasonable efforts to learn what he could about the offense and to inform the Petitioner. It is the duty of the Lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to the facts relevant to the merits of a case and the penalty in the event of a conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities.

The duty to investigate exists regardless of the accused's admissions of statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty. Rompilla v. Beard, No.04-5462 June 20,(2005).

3.

Therefore, the Petitioner is asking this Honorable Court to set a Hearing in this matter and afterwards, to Vacate, Set Aside, or Correct his Federal Sentence as the Law requires under 28 USC §2255. (see) <u>Davis v. U.S.</u>, 417 US 333, 346-47, 94 S.Ct. 2298, 2305-06, 41 L.ed 2d 109 (1974).

Respectfully Submitted,

_____
Livan Alfonso Raad
Attorney Pro-Se

4.

## CONCLUSION/PRAYER

The Petitioner is asking this Honorable Court in this case to Grant a Hearing in this case as the Records and Files in this case clearly shows that the Petitioner is entitled to one. As 28 USC 2255 states, if the Files and the Records show that the Petitioner's attorney fail to uncover the fact that Petitioner would be enhanced by the government or attempt to withdraw the Petitioner's Plea or to change his recommendation to Petitioner entering a Plea of Guilty. (see) Hill v. Lockhart, 474 US 52, 59, 109 S.Ct. 366, 370-71, 88 L.ed 2d 203 (1985), because if Petitioner would have known that he would be enhanced he would have gone to Trial instead of pleading gulty. 56-60, 106 S.Ct. at 369. (see) also Parry v. Rosemeyer, 64 F.3d 110, 118 (3rd Cir.1995), while defense counsel is entitled to substantial deference with respect to strategic Judgement, he must investigate the case when he has Cause to do so.

Therefore, this Petitioner is asking this Honorable Court to grant a Hearing in this case as the Law requires under 28 USC 2255. It Is SO Prayed.

Federal Medical Center<br>
Livan A. Raad<br>
Reg.No.63162-004<br>
P.O.Box 15330<br>
Ft.Worth, Tx. 76119

5.

CERTIFICATE OF SERVICE

I Livan Alfonso Raad hereby certify that on this __10__ day of __25__ 2005, I placed a True and Correct copy of this 28 USC 2255 Motion in the Legal Mailbox at FMC Ft.Worth with first class postage affixed to be delivered to the outside postal service to all parties listed below.

Clerk of Court
United States District Court
Southern District of Florida

and to:

Marcos Jimenez
U.S. Attorney
99 N.E. 4th St.
Miami, Fl. 33132-2111

Livan A. Raad

Federal Medical Center
Livan A. Raad
Reg.No.63162-004
P.O.Box 15330
Ft.Worth, Texas 76119

6.